IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DELANEY DEVELOPMENT, INC.,** et al., | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) CIVIL ACTION 11-0500-WS-M ) |
| **LANDMARK AMERICAN INSURANCE COMPANY,** et al., | ) ) ) |
| **Defendants.** | ) ) |

**ORDER**

  The Court previously entered an order raising sua sponte the question of its subject matter jurisdiction, identifying several problems with the complaint's pleading of diversity jurisdiction and requiring an amended complaint correcting these problems in order to avoid dismissal without prejudice for lack of subject matter jurisdiction. (Doc. 3). The plaintiff has filed a "first supplemental and amended complaint," (Doc. 6), and a "second supplemental and amended complaint," (Doc. 11), but they do not rectify the deficiencies noted in the Court's previous order.

  In the first place, the plaintiffs' recent filings are not actually an amended complaint, which would be a complete, self-contained pleading. Instead, the plaintiffs have filed two documents each purporting to make piecemeal changes to isolated portions of the original complaint without setting forth the entirety of an amended pleading. This is improper and has led to the very confusion that the requirement of an integrated, stand-alone pleading is designed to prevent.

  The first deficiency in the complaint is its failure to adequately set forth the citizenship of the plaintiffs other than Delaney Development, Inc. ("Delaney"). The complaint alleges that the other nine plaintiffs are corporations incorporated in Alabama

and with their principal place of business in Alabama, which would adequately plead citizenship were the nine actually corporations. However, as the Court pointed out, none of these entities includes in its name the descriptive "corporation" or "incorporated," or an abbreviation of these words, as Alabama law requires. Ala. Code § 10A-1-5.04. Thus, the Court must presume that they are not in fact corporations. Because the rules for pleading the citizenship of unincorporated entities are different from those involving corporations, it is incumbent on the plaintiffs either to show that they are in fact corporations despite their non-compliance with Alabama law or to properly plead their citizenship as unincorporated entities. The style of the recent filings continues to list ten plaintiffs, yet the plaintiffs do not address their citizenship in any fashion.[1]

      The second deficiency in the complaint is its failure to adequately allege the citizenship of the three defendants, since it does not state whether each is a corporation or an unincorporated entity and does not allege citizenship under the test for either type of defendant. The recent filings identify each defendant as a "foreign corporation" but do not clearly state that they are incorporated in states other than Alabama and do not identify the principal place of business of any of them. Moreover, the body of the second recent filing replaces defendant Illinois Union Insurance Company ("Illinois") with Westchester Surplus Lines Company ("Westchester"), yet its style continues to list Illinois – and not Westchester – as a defendant.

      The third deficiency in the complaint is its failure to account for the general rules that the claims of separate plaintiffs cannot be combined to reach the $75,000 jurisdictional threshold and that claims against separate defendants cannot be combined to reach the jurisdictional threshold. *E.g., Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 974 (11th Cir. 2002); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1263 n.7

---

[1] It may be that the intent was to delete the nine as defendants, leaving only Delaney, (Doc. 6 at 1-2), but the failure to file an entire amended complaint leaves that uncertain.

(11th Cir. 2000).  The recent filings still do nothing to show that the claim of any one plaintiff against any one defendant exceeds $75,000.

The rules of pleading diversity jurisdiction are not onerous, but neither are they optional.  As the Court previously reminded the plaintiffs, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).  Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (internal quotes omitted).

The plaintiffs are not entitled to yet another opportunity to adequately plead jurisdiction, but the Court will extend one nonetheless.  The plaintiffs are **ordered** to file, on or before **October 14, 2011**, a true third amended complaint adequately alleging the citizenship of all parties and adequately alleging the amount in controversy, failing which this action will be dismissed without prejudice for want of subject matter jurisdiction.[2]  No further opportunities to properly invoke the Court's power to hear this action will be provided.

DONE and ORDERED this 30th day of September, 2011.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This filing is to be an entire, complete, self-contained, stand-alone pleading that does not depend on or refer to previous iterations of the complaint.  The Court does not recognize partial pleadings.